

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-2008

# Green v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1268

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Green v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1157.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1157

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1268

_____

BETTENA AMEKAH GREEN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A46-239-940)

_____

Submitted under Third Circuit LAR 34.1(a)
March 4, 2008

Before:  SCIRICA, <u>Chief Judge</u>, FISHER and ROTH, <u>Circuit Judges</u>

(Opinion filed: May 22, 2008)

_____

O P I N I O N

_____

**ROTH**, <u>Circuit Judge</u>:

Bettena Ameka Green seeks review of a final order by the Board of Immigration Appeals (BIA), affirming the order of an Immigration Judge (IJ) ordering Green removed from the United States. The BIA held that she was inadmissible because she committed two crimes of moral turpitude. Green argues that she should be eligible for the petty offense exception available to those who have committed only one crime of moral turpitude, as her crimes arose from a single course of criminal misconduct. As the statute providing the exception refers to aliens who have committed only a single crime, rather than a single course of criminal misconduct, we will dismiss the petition for review.

## I. BACKGROUND

Green is a native and citizen of Jamaica. She was initially admitted into the United States and acquired lawful permanent residence status on September 3, 1997. In December of 2000, Green was convicted in the Superior Court of the State of Delaware of conspiracy and theft in violation of DEL. CODE ANN., tit. 11, §§ 511 and 841. She received suspended sentences of eleven months (later reduced to five months).

Subsequently, on October 30, 2003, while returning from a trip to Jamaica, Green was stopped by immigration officers at the Philadelphia International Airport and questioned about her criminal history. Based on her statements, on November 12, 2003, the Department of Homeland Security (DHS) issued a Notice to Appear against Green, placing her in removal proceedings as an arriving alien. The Notice to Appear charged

2

that Green was inadmissible into the United States as an alien convicted of crimes of moral turpitude under INA § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I). In the administrative proceeding before the IJ, Green moved to terminate the proceedings on the basis of the petty offense exception under INA § 212(a)(2)(A)(ii), 8 U.S.C. § 1182(a)(2)(A)(ii). On March 30, 2005, the IJ denied Green's motion to terminate proceedings, finding that she was not entitled to the petty offense exception because she committed two crimes involving moral turpitude. Green appealed to the BIA.

The BIA dismissed Green's appeal on December 27, 2006. The BIA found that because the pertinent statutory provisions limit the exception to the commission of one "crime" rather than one "scheme," and Green had committed and was convicted of two crimes involving moral turpitude, Green was ineligible for the petty offense exception. Green filed a timely petition for review from the BIA's decision on January 26, 2007.

We have exclusive jurisdiction to review final orders of removal pursuant to INA Section 242. 8 U.S.C. § 1252 (2005), as amended by The REAL ID Act of 2005, § 106, Pub. L. No. 109-131, Div. B, 119 Stat. Where, as here, an alien is removable by reason of having committed a criminal offense covered in § 1182(a)(2), we have jurisdiction to review only constitutional claims or questions of law. INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D) (added to the INA by Real ID Act § 106(a)). We review constitutional issues and legal questions under the *de novo* standard, giving deference where appropriate under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837

3

(1984), to the BIA's interpretation of the Immigration and Nationality Act. *See Valansi v.*

*Ashcroft*, 278 F.3d 203, 207 (3d Cir. 2002); *Ilchuk v. Att'y Gen.*, 434 F.3d 618, 621 (3d

Cir. 2006), *INS v. Aguirre-Aguirre*, 526 U.S. 415, 424 (1999).

## II.  DISCUSSION

The central issue here is whether the petty offense exception is available to

someone who has been convicted of two crimes of moral turpitude that arose from one

criminal course of conduct.  The relevant statute states that "any alien convicted of . . . a

crime involving moral turpitude" is inadmissible, unless the alien "committed only one

crime," the maximum possible penalty for the crime did not exceed imprisonment for one

year, and the imposed punishment did not exceed imprisonment of six months.  INA §

212(a)(2)(A), 8 U.S. C. § 1182(a)(2)(A).

Green argues that INA § 212 should be interpreted so that one can be convicted of

two crimes while only having "committed" one crime.  We disagree.  When Congress has

wished to distinguish between multiple criminal convictions and multiple criminal courses

of conduct in the immigration context, it has done so.  *See* 8 U.S.C. § 1227(a)(2)(A)(ii)

(providing that any alien is deportable who "at any time after admission is convicted of

two or more crimes involving moral turpitude, not arising out of a *single scheme of*

*criminal misconduct*") (emphasis added).  Congress chose not to include such language in

the statute in question here.

We see no justification for a finding that the BIA was unreasonable in interpreting INA § 212(2)(A)(ii) to treat separate convictions as separate committed crimes, regardless of whether they arose from a single course of conduct.

## III. <u>CONCLUSION</u>

For the foregoing reasons, we will **deny** the petition for review.

―――――――――